IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN KRAFT,<br>　　Plaintiff,<br><br>v.<br><br>COUNTY OF SHELBY & TAD<br>MAYHALL,<br>　　Defendants. | )<br>)<br>)<br>)<br>)  Case No. 25-cv-3016<br>)<br>)<br>)<br>)<br>) |

## AMENDED OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendants' Motion to Dismiss. (Doc. 12).

I.  **PROCEDURAL BACKGROUND**

On January 19, 2025, Plaintiff John Kraft filed a three-count Amended Complaint alleging violations of his First, Fifth, and Fourteenth Amendment rights after Defendants Shelby County (the "County") and Tad Mayhall, the Shelby County Board Chairman, removed him from a county board meeting following a vote for his removal. (Doc. 4). In Count I, Kraft alleges Defendants coordinated to broadly deprive him of his constitutional rights in violation of 42 U.S.C. § 1983. In Count II, Kraft asserts a violation of his First Amendment right to freedom of speech. In Count III, Kraft alleges a violation of his substantive and procedural due process rights and his equal protection rights. Defendants moved to dismiss Kraft's Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 12).

## II. FACTUAL BACKGROUND

John Kraft is a member of the Edgar County Watchdogs, which publishes articles online with the goal of holding local governing bodies accountable and fostering transparency. (Doc. 4 at ¶ 7). For several years, Kraft has published a series of articles criticizing the Shelby County Board (the "Board"). (*Id.* at ¶ 13). He regularly attends and speaks at the county board meetings. (*Id.* at ¶¶ 16–17).

On January 9, 2025, Kraft attended the county board meeting and began recording it. (*Id.* at ¶¶ 18–19). During the meeting, another member of the public, Jake Cole, interrupted the meeting several times to ask questions and make statements to the Board. (*Id.* at ¶¶ 21–26). After hearing the interruptions, Kraft asked whether the discussion was open to everyone in the room. (*Id.* at ¶¶ 19, 27). Chairman Mayhall responded, "are you asking about you? No . . . this is a board discussion." (*Id.* at ¶ 19). Kraft began talking over Mayhall who then, after informing Kraft again of the setting, moved to remove Kraft from the board meeting. (*Id.* at ¶¶ 19, 28). Kraft was ordered to be removed from the board meeting after a vote for his removal passed by a majority of affirmative votes. (*Id.* at ¶¶ 28–29). The Board never removed (or voted to remove) Cole from the meeting. (*Id.* at ¶ 31).

## III. DISCUSSION

### A. Legal Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), a court construes the complaint in the light most

favorable to the plaintiff, accepting all well-pleaded allegations as true, and construing all reasonable inferences in the plaintiff's favor. *Christensen*, 483 F.3d at 458. To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the court can reasonably infer that defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Compliance with Local Rules

As an initial matter, Kraft argues Defendants' Motion to Dismiss should be denied based on their failure to follow Local Rules 5.9(B) and 7.1. (Doc. 14 at 1–2). Courts are entitled to "require strict compliance with their local rules," *Next Millenium Telecom Co. v. American Signal Corp.*, 112 F.4th 481, 486 (7th Cir. 2024), and may exercise "considerable discretion in interpreting and applying their local rules." *Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015). Local Rule 5.9(B) requires proposed orders be submitted as an attachment to a motion. However, there is no rule requiring a proposed order be attached to a motion to dismiss. Therefore, Kraft's reliance on this Rule is unavailing.

Local Rule 7.1 requires that any motion raising a question of law "must include a memorandum identifying the specific points or propositions of law and supporting authorities upon which the moving party relies and identifying the local or federal rule

under which the motion is filed." Civil L.R. 7.1(B)(1). Additionally, the memorandum must not exceed 15 pages in length or 7,000 words. Civil L.R. 7.1(B)(4). If the memorandum is submitted based on the word count, then it must include a certificate of compliance noting the number of words in the memorandum.

Defendants' Motion to Dismiss and Memorandum was a combined total of 23 pages. It was initially submitted without a certificate of compliance, but Defendants did attach the certificate to their Reply. The Certificate indicates the Argument section of the Motion is 6,846 words.[1] Although Defendants acknowledge their noncompliance with Local Rule 7.1, they argue the error should be excused because it did not prejudice Plaintiff. He was able to respond fully to Defendants' arguments within the allotted 15 pages. *See* Civil L.R. 7.1(B)(4)(c). Because striking Defendants' Motion would amount to a disproportionate remedy under these circumstances, the Court denies Plaintiff's request. Both parties are warned that failure to comply with the Local Rules in the future may lead to their briefs being stricken.

### C. Analysis

Defendants argue Count I should be dismissed because it is duplicitous of Counts II and III and is barred by the intra-corporate immunity doctrine. They also argue Count II should be dismissed because it fails to state a viable First Amendment claim. Additionally, they argue the Fifth Amendment claim in Count III should be dismissed because Kraft erroneously seeks to enforce the Fifth Amendment against the County and

---

[1] The Court notes that the volume limitations outlined in Local Rule 7.1 refer to the entire memorandum, not just the argument section. *See* Civil L.R. 7.1(B)(4)(d).

its board member. As to Count III's Fourteenth Amendment claim, Defendants argue the claim does not implicate a fundamental right or protected interest for substantive and procedural Due Process Clause purposes and, moreover, the equal protection claim should be dismissed because it fails to assert a plausible class-of-one claim.

1. **Count I**

Section 1983 holds government officials liable where those officials "subject[] or cause[] to be subjected, any citizen . . . or other person . . . to the deprivation of any rights" guaranteed to them by federal law. 42 U.S.C. § 1983. Section 1983 provides a mechanism for enforcing individual rights secured by the Constitution and laws of the United States. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). "One cannot go into court and claim a violation of § 1983—for § 1983 by itself does not protect anyone against anything." *Id.* (quotation omitted).

Defendants argue Count I should be dismissed because it is duplicative of Counts II and III. Indeed, Count I explains that Defendants violated Kraft's right to "free speech and association" and "equal protection under the law" as well as his "right to due process" under the Fifth and Fourteenth Amendments (Doc. 4 at ¶¶ 34, 36–37). These are the same claims advanced in Counts II and III. In response, however, Kraft argues that Count I is related to his protected constitutional rights as a member of the press.[2] Defendants claim that one individual may not simultaneously raise separate First Amendment claims based on his role as a reporter and as an individual. But it is well-

---

[2] Although Kraft did not plead this legal theory in his amended Complaint (Doc. 4), the Court notes that a plaintiff may alter legal theories, so long as the factual basis was alleged in the complaint. *See Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 859 (7th Cir. 2017).

settled that a plaintiff may raise multiple theories arising from the same facts. *See, e.g., St. Augustine Sch. v. Underly*, 78 F.4th 349, 352-53 (7th Cir. 2023) (permitting plaintiffs to raise two First Amendment theories based on the same incident).

Additionally, Defendants argue Count I should be dismissed pursuant to the intra-corporate immunity doctrine, which bars conspiracy claims against government officials acting within the scope of their employment for the same entity. *See Wright v. Illinois Dep't of Children & Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994) (citing *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir. 1972) (Stevens, J.); *Travis v. Gary Community Mental Health Center*, 921 F.2d 108, 109-11 (7th Cir. 1990)).

In *Wright v. Illinois Department of Children and Family Services*, the Seventh Circuit held that state employees working for the same government agency could not conspire among themselves under Section 1985 unless they were acting outside the scope of their employment. 40 F.3d at 1507-08. In that case, Department of Children and Family Services ("DCFS") employees were accused of conspiring to deny the plaintiff "access to federal court in violation of § 1985(2)." *Id.* at 1507. The district court dismissed the claims against the DCFS workers under the intra-corporate immunity doctrine. *Id.* at 1507-08. On appeal, the Seventh Circuit noted that "managers of a corporation jointly pursuing its lawful business do not become 'conspirators' when acts within the scope of their employment are said to be discriminatory or retaliatory." *Id.* at 1508. The Seventh Circuit also held that the intra-corporate immunity doctrine extends to governmental entities, like DCFS. *Id.* The DCFS agents' coordinated actions fell within their official duties, and—because they constituted a single legal entity—the intra-corporate immunity doctrine

barred the claim from proceeding. *Id.* Since then, the holding of *Wright* has been applied to claims arising under Section 1983. *See, e.g., Strauss v. City of Chicago*, 346 F. Supp. 3d 1193, 1210 (N.D. Ill. 2018) (dismissing Section 1983 conspiracy claim as barred by intra-corporate immunity doctrine when brought against city and city officials).

Here, Kraft alleges that Mayhall, acting as the Shelby County Board Chairman, coordinated Kraft's removal with other board members. Kraft frames Count I accordingly: "Defendants acted in concert with each other to unlawfully deprive Plaintiff his constitutional right[s]." (*Id.* at ¶¶ 34, 37). However, there are no allegations that Mayhall acted outside his official duties. Calling a vote to remove a disruptive audience member falls squarely within a board chair's role of presiding over orderly meetings. Like the DCFS employees in *Wright*, the board members and Mayhall acted as one entity when performing their public duties. Therefore, Count I is dismissed as it is barred by the doctrine of intra-corporate immunity.

### 2. Count II

Defendants argue Kraft's allegations in Count II do not plausibly demonstrate that his removal from the meeting was motivated by the content of his speech or any viewpoint discrimination in violation of the First Amendment. Instead, Defendants contend Kraft was removed due to his repeated interruptions and failure to follow the Board's rules of procedure. Such enforcement of meeting decorum is content neutral and reasonable under the First Amendment.

"The First Amendment permits [the] government to regulate [the] use of its property in certain instances depending on the nature of that property." *Surita v. Hyde,*

665 F.3d 860, 869 (7th Cir. 2011). Board meetings are generally considered designated public forums, so the Government has "only a limited ability to regulate expressive activity." *Id.* at 869–70. Thus, the Board may "may enforce reasonable time, place, and manner restrictions provided they are content neutral, they are narrowly tailored to serve a significant government interest, and ample alternative channels of communication exist." *Id.* at 870 (citing *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983)).

"The first determination of the time, place, and manner analysis is whether the [restriction] in question is content-neutral." *Weinberg v. City of Chicago*, 310 F.3d 1029, 1037 (7th Cir. 2002) (citing *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)). "Government regulation of expressive activity is content neutral so long as it is justified without reference to the content of the regulated speech." *Ward*, 491 U.S. at 791 (emphasis and quotation omitted). Thus, when a restriction, "[r]ather than focusing on *what* [an individual] say[s], . . . focuses on *the manner* in which [he] say[s] it," it is content neutral. *Milestone v. City of Monroe*, 665 F.3d 774, 783 (7th Cir. 2011) (emphasis in original). By contrast, "[g]overnment regulation of speech is content based if a law applies to particular speech because of the topic discussed or the idea or message expressed." *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015). Accordingly, "[r]estrictions that favor or disfavor certain speech based on the speaker rather than the content of the message are [] content based." *Surita*, 665 F.3d at 870.

Here, Kraft alleges he interrupted the meeting to ask about procedure. His removal came after a warning and a majority vote of the Board, indicating an orderly,

content-neutral enforcement of rules, not retaliation for the substance of his speech. The Amended Complaint lacks factual allegations suggesting Kraft was removed *because* of his viewpoints on government accountability or transparency. Kraft's repeated interruptions justified the Board's actions to restore order. Even after accepting Kraft's allegations as true, his Amended Complaint fails to allege sufficient facts to support a plausible claim of viewpoint discrimination or retaliation. Accordingly, Count II fails to state a First Amendment claim and must be dismissed under Rule 12(b)(6).

### 3. Count III

#### a. Fifth Amendment

Kraft alleges a violation of his Fifth Amendment due process rights. The Due Process Clause of the Fifth Amendment, however, guards only against the federal government. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). The Seventh Circuit has repeatedly rejected Fifth Amendment due process claims against state and local governmental actors. *See, e.g., Vandenboom v. Strohmeyer*, No. 23-2405, 2024 U.S. App. LEXIS 1894, at *4–5 (7th Cir. Jan. 29, 2024) ("[T]he Fifth Amendment's Due Process Clause applies only to federal actors, so the Fourteenth Amendment is the source of the right that [Plaintiff] asserts here.").

Here, the Board Chairman and the Board are local governmental actors, not federal officials. Thus, any constitutional due process claim against them must arise under the Fourteenth Amendment, not the Fifth. Accordingly, Kraft's Fifth Amendment claim is dismissed as a matter of law.

### b. Fourteenth Amendment — Due Process

Kraft alleges both substantive and procedural due process clause violations. (Doc. 4 at ¶¶ 51-61). The Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In order to plead a substantive due process violation, a plaintiff must allege that the government violated a fundamental right or liberty. *Washington v. Glucksberg*, 521 U.S. 702, 719-20 (1997); *Belcher v. Norton*, 497 F.3d 742, 753-54 (7th Cir. 2007). Substantive due process protects against only the most egregious and outrageous government action. *See Belcher*, 497 F.3d at 753.

In pleading his substantive due process claim, Kraft cannot — though does indeed — rely upon an asserted liberty interest in the freedom of speech or press, as there is a specific constitutional provision — the First Amendment — that protects those rights. *See Hernandez v. Foster*, 657 F.3d 463, 474 (7th Cir. 2011) (citing *Doe v. Heck*, 327 F.3d 492, 518 n.23 (7th Cir. 2003)). Because the First Amendment must be the guide for analyzing any claimed violation of his First Amendment rights — an independent claim he has also brought (*see supra* subsection III.C.2) — Kraft's substantive due process claim cannot go forward on that basis. *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998); *Chicago Sch. Reform Bd. of Trs. v. Substance, Inc.*, 79 F. Supp. 2d 919, 937-38 (N.D. Ill. 2000) (collecting cases). As a result, Kraft's substantive due process claim must be dismissed.

With respect to procedural due process, Kraft alleges there were no procedural protections afforded to him before he was removed from the public meeting. (Doc. 4 at

¶¶ 55–59). The Due Process Clause of the Fourteenth Amendment prohibits States from "depriving any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. Procedural due process typically requires meaningful "notice and an opportunity to be heard." *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). But due process is only guaranteed where a plaintiff was deprived of a protected interest. *See Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008) (explaining that any procedural due process claim requires plaintiff to allege "(1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation").

Kraft argues that his removal from the meeting deprived him of a property interest as well as liberty interests: his right to "voice his opinion" and "right to be present in the public meeting." (Doc. 4 at ¶ 44). Kraft, however, does not identify what property interest was at stake. "Because 'property' is defined by law, showing that one has 'property' often depends on showing a legitimate claim of entitlement under state law." *Archie v. Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988); *see also Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire and more than a unilateral expectation of it.") (quotation marks omitted). Kraft has not properly alleged a legitimate claim of entitlement to create a property interest and, accordingly, has not shown a deprivation of his "property" in which he would be entitled to adequate procedural safeguards.

Kraft fails to plausibly plead a deprivation of any protected liberty interest. A plaintiff may show such deprivation when fundamental or constitutional rights are

denied, or when "a right or status previously recognized by state law [is] distinctly altered or extinguished." *Mann v. Vogel*, 707 F.3d 872, 878 (7th Cir. 2013).

Kraft's identified liberty interests are best construed as a denial of his right, as a member of the public, to address officials during a period of non-public discussion in a county board meeting. Neither the Constitution provides for that right, *see Minn. State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 283–84 (1984) ("The Constitution does not grant to members of the public generally a right to be heard by public bodies making decisions of policy."), nor does state law provide for it, *see* [Illinois] Open Meetings Act, 5 ILCS 120/2.06(g) ("Any person shall be permitted an *opportunity* to address public officials *under the rules established and recorded by the public body*.") (emphasis added); *see also Kyle v. Morton High Sch.*, 144 F.3d 448, 452 (7th Cir. 1998) (the Illinois Open Meetings Act does not "confer[] substantive rights for Due Process Clause purposes").

"Only after finding the deprivation of a protected interest do [courts] look to see if the State's procedures comport with due process." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999). Accordingly, the Court need not decide whether the Board's warning and vote to remove Kraft was adequate due process. Because Kraft failed to plausibly plead any deprivation of a protected interest, his procedural due process claim under the Fourteenth Amendment is dismissed.

### c. Fourteenth Amendment—Equal Protection

Kraft alleges that Defendants denied him his right to equal protection under the law when Defendants affirmatively voted to remove him from the County Board meeting but did not hold a similar vote to remove another member of the public who also

interjected during the meeting. The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause is typically implicated when the State discriminates against a member of a protected class. But a person "who is not a member of a protected class may nonetheless bring a claim under a [] "class-of-one" theory." *145 Frisk, LLC v. Nicklas*, 986 F.3d 759, 771 (7th Cir. 2021) (quotation marks omitted). A class-of-one plaintiff carries the "heavy burden" of alleging (1) the State intentionally treated him differently from others who were similarly situated in all material aspects and (2) the State had no conceivable rational basis for doing so. *Nicklas*, 986 F.3d at 771; *FKFJ, Inc. v. Vill. of Worth*, 11 F.4th 574, 588 (7th Cir. 2021). For purposes of a 12(b)(6) motion to dismiss (as here), even where facts exist indicating animosity, "a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *D.B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013).

Here, the Amended Complaint provides a link to a video recording of the board meeting at issue, incorporating the video by reference, which includes the aforementioned interruptions.[3] Kraft interrupted discussion and became disruptive after being told that the meeting was not open to public comment. The Board's vote to remove Kraft was rationally justified by his particular disregard for meeting rules and decorum.

---

[3] Outside references incorporated into a plaintiff's complaint "become part of the complaint and may be considered as such when the court decides a motion attacking the sufficiency of the complaint." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *see also Bogie v. Rosenberg*, 705 F.3d 603, 607–08 (7th Cir. 2013) (considering video incorporated into complaint in review of 12(b)(6) dismissal).

Therefore, Kraft's equal protection claim is hereby dismissed. Because all of Kraft's claims are dismissed, the Court does not consider whether they would be otherwise barred by *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED without prejudice as to Counts I, II, and III. Plaintiff may amend his Complaint within 21 days of the entry of this order to cure deficiencies.

ENTER: October 23, 2025

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE